Shauck, J.
Confining our view to the ground of reversal stated in the judgment of the circuit court, we assume, that all other questions were properly decided in favor of the defendant in error. The instruction was pertinent to the issues and the evidence, and the only question is whether it imposed upon the plaintiff, as a condition to recovery, a higher degree of care than the law requires. If it did not, it is not objectionable because it stated the rule definitely instead of leaving it as a matter of inference to be drawn by the jury from a statement of general principles. This is determined in Schaefler v. Sandusky, 33 Ohio St., 246, where it is held as matter of law, that one who voluntarily attempts to pass over a *531 sidewalk of a citjq which he knows to be dangerous by reason of ice upon it, which he might easily avoid, cannot maintain an action against the city to recover for injuries sustained by falling upon the ice. The precise question left undetermined by the case cited is whether in eases of this character a recovery will be denied on account of the plaintiff’s failure to avoid a 'source of danger that is plainly visible as well as one that is actually known.
Early in the century Lord Ellenborough answered this question affirmatively in Butterfield v. Forrester, 11 East, 60, and his concise and accurate statement of the law has been the subject of much commendation. It has been expressly approved in many cases, though in some its legitimate effect may have been denied. Durkin v. Troy, 61 Barb., 437.
That there can be no recovery in such case is a necessary result of the established rule of the common law that the concurring negligence of two parties will not be compared nor its consequences apportioned. In cases of collision resulting from such concurring negligence it must often be a matter of chance upon which party the injury will fall, and, therefore, a matter of chance which party would recover if a recovery were permitted. There would be manifest absurdity in permitting a recovery by one who would be liable if he had been lucky.
The essence of the instruction given in this case is that the law exacts from the plaintiff, as a condition to a recovery, the same care for himself which it authorizes him to require of the defendant. , The principle is general. It would be difficult to suppose a case in which there would be more obvious propriety in its application. There *532 was no defect in tlie walk. No act of the village caused the accumulation of ice. If it was negligent it was only because its officers had failed to observe and remove a source of danger which, according'to the instruction given, the plaintiff was under equal obligation to observe and avoid.
Whether the village was guilty of actionable negligence may well be doubted in view of Chase v. Cleveland, 44 Ohio St. 505.

Judgment of the cwcuit cou/rt reversed and that of the commonpleas affirmed.